IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROBIN ANNE MAHAN** | * | |
| | * | |
| v. | * | Civil Case No. ELH-13-1035 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' motions, and Ms. Mahan's reply. ECF Nos. 13, 17, 18. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that both motions be denied, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Mahan applied for Disability Insurance Benefits on July 14, 2010, alleging a disability onset date of October 28, 2009. (Tr. 117-23). Her claim was denied initially on October 5, 2010, and on reconsideration on March 25, 2011. (Tr. 55-60). An Administrative Law Judge ("ALJ") held a hearing on March 22, 2012, (Tr. 32-52), and subsequently denied benefits to Ms. Mahan in a written opinion dated April 10, 2012. (Tr. 15-31). The Appeals Council declined review, (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Ms. Mahan suffered from the severe impairments of degenerative

disc disease and Ehlers-Danlos Syndrome. (Tr. 20). Despite these impairments, the ALJ determined that Ms. Mahan retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she requires a sit/stand option, allowing her to alternate between a sitting and standing position at least every 30 minutes. In addition, she can occasionally use ramps and climb stairs, but can never climb ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch and crawl; should avoid concentrated exposure to extreme cold, heat, wetness, and humidity; and should avoid hazards, including moving machinery and unprotected heights.

(Tr. 22). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. Mahan was capable of performing her past relevant work as a teacher's aide. (Tr. 25). Accordingly, the ALJ determined that Ms. Mahan was not disabled. *Id.*

Ms. Mahan disagrees. She raises two primary arguments in support of her appeal: (1) that the ALJ erred in assigning weight to the opinions of the non-examining state agency physicians, Dr. Gayle Schwartz and Dr. Louis Halikman; and (2) that the ALJ made an erroneous credibility assessment. Because I agree generally that the ALJ did not provide sufficient analysis to permit me to evaluate whether her RFC assessment is premised on substantial evidence, I recommend that the case be remanded for the ALJ to fulfill her duty of explanation. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Mahan is not entitled to benefits is correct or incorrect.

Specifically, the ALJ assigned "great weight" to one sentence in Dr. Schwartz's report, which appears to have been taken out of context. The ALJ implies that Dr. Schwartz questioned Ms. Mahan's credibility when stating in her report that the "degree of pain and physical findings are disproportionate to what would be expected with her MRI findings." (Tr. 24, 235). In fact, however, Dr. Schwartz appeared to credit Ms. Mahan's expressed degree of pain, and to recommend "evaluation for any internal pathology that may be contributing to her pain." (Tr. 235). Dr. Schwartz's report acknowledged significant physical findings on her examination of

Ms. Mahan, including tenderness, extremely restricted flexion and extension, a positive straight leg raising test, extremely restricted range of motion in the hips, and decreased strength. (Tr. 235). The ALJ acknowledged some of those findings but simply conclusorily alleged that "[a]ny limitations that the claimant experiences as a result of her severe impairments are adequately accommodated by the established residual functional capacity." (Tr. 23). The ALJ does not explain how a person with the physical findings described by Dr. Schwartz would be capable of the lifting requirements and posturals required by the RFC assessment.

Moreover, the ALJ did not expressly consider or analyze whether there would be any interplay between Ms. Mahan's degenerative disc disease and her connective tissue disorder, Ehlers-Danlos Syndrome, which might explain why Ms. Mahan's pain levels could exceed those experienced by a patient without a connective tissue disorder. *See, e.g.,* (Tr. 355) (Dr. Lee note recommending massage therapy to "see if it will help some of her myofascial pain due to her Ehler's Danlos"); (Tr. 373) (Dr. Mian report noting that, after experiencing persistent wrist pain, Ms. Mahan is "planning to see rheumatologist given her hx"). It is well-established that an ALJ must consider, and must adequately explain, her evaluation of the combined effect of a claimant's impairments. *See Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir. 1989) (holding it "axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity . . . [T]he [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them."). The ALJ's repeated reliance on the results of the MRI and CT scans does not account for the co-existing connective tissue disorder. It is also worth noting that Ms. Mahan's CT scan, which occurred after Dr. Schwartz's March, 2010 report, revealed more significant findings than the earlier MRI. *Compare* (Tr. 271) (December, 2009 MRI results noting "mild bilateral lateral recess stenosis") *with* (Tr. 260) (June,

2010 CT scan finding "moderate to marked narrowing of L5-S1 with marginal osteophytes").

Finally, the ALJ also did not provide an adequate explanation for her adverse credibility assessment, other than citing to her misinterpretation of Dr. Schwartz's report and to the "conservative treatment" allegedly provided by Ms. Mahan's physicians. (Tr. 23, 25). While Ms. Mahan was not recommended for surgery, she has been subjected to a wide variety of medications and treatments, including morphine, Oxycodone, and lumbar injections. None of those medications appears to be effectively controlling Ms. Mahan's pain, as she consistently reports pain exceeding 7 on a scale of 1-10 and is found to have "moderate-severe pain" on examination. *See, e.g.,* (Tr. 331, 334, 349, 351, 364). Further, she made no "significant progress" despite adherence to a regular physical therapy regimen. (Tr. 234-35). The ALJ must describe her analysis in sufficient detail for this Court to evaluate whether or not the ALJ's conclusions were supported by substantial evidence. *See See v. Washington Metro. Area Transit Auth.*, 36 F.3d 375, 384 (4th Cir. 1994) (observing that an ALJ's decision is statutorily required to include discussion of "findings and conclusions, and the reasons or basis therefor, on all material issues of fact, law, or discretion presented in the record"); *see also Schoofield v. Barnhart,* 220 F. Supp. 2d 512, 519 (D. Md. 2002) (finding it "clear that an ALJ has a duty to explain the basis for his decision"). In this case, the ALJ's reference to "conservative treatment" does not establish that Ms. Mahan's complaints of pain are less than credible, particularly where the myriad treatment options have been met with little success. Because the ALJ did not fulfill her duty of explanation, I recommend that the case be remanded for further explication of the ALJ's rationale.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 17);

    2.  the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 13); and

    3.  the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

    Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.


Dated:  June 6, 2014                                                         /s/
                                                                          Stephanie A. Gallagher
                                                                         United States Magistrate Judge